**Victoria Lynn ALEXANDER,**
**Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–07–00635–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 17, 2009.

Rehearing Overruled May 14, 2009.

W. Troy McKinney, Houston, for appellant.

Bridget Holloway, Houston, for appellee.

Panel consists of Justices YATES, SEYMORE, and BOYCE.

## OPINION

LESLIE B. YATES, Justice.

Appellant Victoria Lynn Alexander was convicted of driving while intoxicated and sentenced to 180 days' confinement, probated for one year, and a $500 fine. Appellant contends that the trial court abused its discretion by denying her motion for new trial, in which she asserted the State used false testimony to secure her conviction and she received ineffective assistance of counsel. We affirm.

## I. Background

The State charged appellant with driving while intoxicated. The information alleged that appellant had lost the normal use of her mental or physical faculties due to the introduction of alcohol, drugs,[1] or a combination of a drug and alcohol.

At trial, the State's key witness was Officer Richard Maffett, who testified that after stopping appellant for speeding one night, he noticed she had an odor of alcoholic beverage about her and bloodshot, glassy eyes. Appellant admitted she had "something to drink but it wasn't much" and had taken Wellbutrin, an antidepressant, that morning. Officer Maffett testified that Wellbutrin is a central nervous system depressant that greatly enhances the intoxicating effects of alcohol, and that in his opinion appellant could have been intoxicated by a combination of Wellbutrin and alcohol. He also testified regarding the development, reliability, and diagnostic

---

1. The trial court partially granted appellant's motion for directed verdict at the close of the State's evidence on the allegation of impairment due to drugs alone.

value of the field sobriety tests (FSTs) that he asked appellant to perform. According to Officer Maffett, appellant failed three of the four FSTs administered and refused to give a blood or breath sample.

Dr. James Watson, appellant's treating physician, testified for the defense. Watson, who had prescribed Wellbutrin to appellant, contradicted Officer Maffett's testimony that Wellbutrin is a depressant or has a synergistic intoxicating effect when combined with alcohol. According to Watson, Wellbutrin acts as a stimulant, and the only warning of a synergistic effect between Wellbutrin and alcohol mentioned in *The Physician's Desk Reference* is an increased risk of seizures in someone prone to seizures who is also going through alcohol or sedative withdrawals. Watson opined that a drug manufacturer would not merely suggest limiting alcohol consumption (as Wellbutrin's manufacturer did) if the consumption of alcohol and the manufacturer's drug together caused a synergistic effect. Finally, Watson testified that appellant did not seem intoxicated on the video tape, which was admitted into evidence.

After appellant was found guilty and sentenced, she filed a motion for new trial, asserting the State used false testimony in obtaining her conviction and that she received ineffective assistance of counsel, among other things. The trial court held a hearing on the motion in which both of appellant's trial attorneys, Officer Maffett, and Gary Harold Wimbish, Ph.D. testified. The trial court allowed appellant's motion to be overruled by operation of law. This appeal followed.

## II. Ineffective Assistance of Counsel

In her second and third issues, appellant contends that the trial court should have granted her motion for new trial because she received ineffective assistance of coun-

sel under the Federal and Texas Constitutions. Specifically, appellant alleges her trial counsel failed to conduct an adequate pretrial investigation; failed to seek exclusion of adverse, inadmissible evidence; and relied on a defensive theory inconsistent with the evidence.

### A. Standard of Review

Both the Federal and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex.Code Crim. Proc. Ann. art. 1.051 (Vernon Supp. 2008). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Gonzales,* 945 S.W.2d 830, 835 (Tex.Crim.App.1997). To prove ineffective assistance of counsel, appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and (2) but for such deficiency, there is a reasonable probability that the result of the proceeding would have been different. *Strickland,* 466 U.S. at 688–92, 104 S.Ct. 2052. Moreover, appellant bears the burden of proving her claims by a preponderance of the evidence. *Jackson v. State,* 973 S.W.2d 954, 956 (Tex. Crim.App.1998).

To succeed on claims of ineffective assistance of counsel for failure to object, appellant must demonstrate that the trial court would have committed harmful error in overruling the objection if trial counsel had objected. *See Vaughn v. State,* 888 S.W.2d 62, 74 (Tex.App.-Houston [1st Dist.] 1994), *aff'd,* 931 S.W.2d 564 (1996) (per curiam) (en banc). But even if unobjected to evidence is inadmissible on some basis, trial counsel may have a sound trial strategy in not objecting to evidence that counsel feels is relevant to appellant's de-

fense, or not harmful to appellant. *See Stafford v. State,* 813 S.W.2d 503, 507–08 (Tex.Crim.App.1991) (en banc); *see also Calderon v. State,* 950 S.W.2d 121, 130 (Tex.App.-El Paso 1997, no pet.); *Henderson v. State,* 704 S.W.2d 536, 538 (Tex.App.-Houston [14th Dist.] 1986, pet. ref'd) (failing to object to the introduction of improper evidence can be a trial strategy).

▇▇▇▇ Rather than applying this standard through hindsight, we review the totality of the representation and the particular circumstances of the case at the time of trial. *See Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App.1999); *Hernandez v. State,* 726 S.W.2d 53, 58 (Tex.Crim.App. 1986). We cannot find deficiency from a calculated risk by appellant's trial counsel that simply did not work, and the right to effective counsel does not require error-free counsel. *See Hernandez,* 726 S.W.2d at 58; *State v. Balderas,* 915 S.W.2d 913, 918–19 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd).

▇▇▇▇ We review the trial court's denial of appellant's motion for new trial for an abuse of discretion. *Salazar v. State,* 38 S.W.3d 141, 148 (Tex.Crim.App.2001). Under this standard, we examine whether the trial court's decision was clearly wrong and outside the zone of reasonable disagreement, i.e. whether the trial court acted arbitrarily, unreasonably, or without reference to guiding principles. *Anderson v. State,* 193 S.W.3d 34, 39 (Tex.App.-Houston [1st Dist.] 2006, pet. ref'd). We do not substitute our judgment for that of the trial court. *Charles v. State,* 146 S.W.3d 204, 208 (Tex.Crim.App.2004). Rather, we review the evidence in the light most favorable to the trial court's ruling and presume that all reasonable findings

that could have been made against the losing party were so made. *Id.* Only if no reasonable view of the record could support the trial court's ruling do we conclude that the trial court abused its discretion by denying the motion for new trial. *Id.* At a hearing on a motion for new trial, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Melton v. State,* 987 S.W.2d 72, 75 (Tex.App.-Dallas 1998, no pet.).

**B. Trial Counsel's Assistance with Aspects of the Case Relating to Wellbutrin**

Several of appellant's contentions challenge her trial counsel's effectiveness in handling various aspects of the case relating to Wellbutrin. At the hearing on the motion for new trial, appellant developed a sufficient record to allow us to evaluate her trial counsel's performance regarding those issues. *See Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App.2002). Steve Gonzalez and Jed Silverman represented appellant at trial. Their testimony shows that their main trial strategy was to impeach the State's key witness and designated expert, Officer Maffett, who testified about Wellbutrin, appellant's intoxication, and her failure of the FSTs. Though defense counsel admitted they did not know what the specifics of Officer Maffett's Wellbutrin testimony would be,[2] they knew Wellbutrin would be an issue in the trial and testified that they planned to use Dr. Watson as a Wellbutrin expert to contradict Officer Maffett's Wellbutrin testimony. Their testimony shows they believed impeaching Officer Maffett's credibility on Wellbutrin, rather than seeking to exclude

---

**2.** Silverman testified that he knew Officer Maffett was the State's designated expert, but

did not know *"what* he was going to testify to about the Wellbutrin."* [emphasis added].

that testimony,[3] was the best strategy for overcoming the State's various theories and obtaining an acquittal.

### 1. Pretrial Investigation

██ Appellant complains that her trial counsel failed to conduct an adequate legal or factual pretrial investigation into Wellbutrin and the admissibility of evidence about Wellbutrin. However, the record reflects that appellant's trial counsel researched those topics and obtained an expert, Dr. Watson, who ultimately contradicted the State's Wellbutrin testimony. Though appellant seems to argue that it was objectively unreasonable for Gonzalez, who was in charge of cross-examining Officer Maffett, to rely on co-counsel's research into the law and facts regarding the Wellbutrin testimony, we disagree. This is not a situation, such as that presented in *Flores v. State,* 576 S.W.2d 632, 634 (Tex. Crim.App.1978), where an attorney went to trial "totally unprepared" after requesting a full report on the facts of a case just before trial from an investigator whom he knew to be inept. Here, Gonzalez relied upon co-counsel, who found relevant information that Gonzalez either reviewed or discussed with him before trial. We hold Gonzalez's reliance upon co-counsel's research was reasonable, as was trial counsel's pretrial investigation. *Cf. McFarland v. State,* 928 S.W.2d 482, 500–01 (Tex. Crim.App.1996) (finding no ineffective assistance where lead counsel relied on co-counsel to subpoena witnesses, despite defendant's complaint as to lead counsel's

performance in that regard). Moreover, to the extent that appellant contends counsel's pretrial investigation was limited, we hold that such limitation was based on reasonable professional judgments because (1) Dr. Watson informed counsel that Wellbutrin's characteristics contradicted the State's case and (2) exclusion of the Wellbutrin evidence would have eliminated the key ground upon which Dr. Watson impeached Officer Maffett's credibility, hindering defense counsel's pursuit of what they believed was the best strategy to obtain appellant's acquittal. *See Ex parte Kunkle,* 852 S.W.2d 499, 505 (Tex.Crim. App.1993) (stating that strategic choices made after a less than complete investigation are reasonable only to the extent that "reasonable professional judgments support the limitations on investigation").

### 2. Other Aspects of the Case Relating to Wellbutrin

██ Appellant also complains that her trial counsel failed to exclude evidence of appellant's Wellbutrin consumption, failed to challenge Officer Maffett's expertise on the subject, and failed to seek production of the book Officer Maffett used in reaching his opinions about the effects of Wellbutrin. However, these actions can all be justified based on trial counsel's strategy for discrediting Officer Maffett. Exclusion of the evidence of appellant's Wellbutrin consumption or Officer Maffett's Wellbutrin testimony would have undermined trial counsel's strategy,[4] and the record sup-

---

**3.** We note the record also shows appellant's trial counsel was familiar with the general procedures for seeking to exclude inadmissible evidence, had they decided to take that course instead.

**4.** In support of her argument, appellant claims that Gonzalez stated at the motion for new trial hearing that it would have been more advantageous to exclude the Wellbutrin

evidence than to seek to challenge it through Dr. Watson's testimony. However, we do not read Gonzalez's testimony as supporting that statement. On the contrary, at the hearing on the motion for new trial, Gonzalez merely agreed with appellant's appellate counsel that suppression of the Wellbutrin evidence would have prevented the jury from hearing it at all. Gonzalez did not say that that exclusion

ports the trial court's implied finding that counsel failed to object to evidence he felt was relevant to appellant's defense and in furtherance of a sound trial strategy, which is not deficient conduct. *See Stafford,* 813 S.W.2d at 507–08; *see also Calderon,* 950 S.W.2d at 130; *Henderson,* 704 S.W.2d at 538 (failing to object to the introduction of improper evidence can be a trial strategy). Finally, trial counsel did not perform deficiently by failing to seek production of *The Pill Book,* which Officer Maffett claimed to have referred to in learning about Wellbutrin. Although Gonzalez admitted there was no strategic downside to seeking production of the book, he testified that he felt Officer Maffett was so incredible and unauthoritative as a witness that the jury would inherently doubt whether he actually consulted any book before rendering his opinion. Given that explanation, and trial counsel's strategy to contradict Officer Maffett's Wellbutrin testimony with expert testimony supported by *The Physician's Desk Reference,* a medical text of uncontroverted authority, counsel's failure to seek production of *The Pill Book* was not objectively deficient.[5] *See Strickland,* 466 U.S. at 688–92, 104 S.Ct. 2052.

Viewing the evidence in the light most favorable to the trial court's decision, we hold that the trial court did not abuse its discretion in presumptively finding that appellant received effective assistance of counsel in handling the various aspects of the case relating to Wellbutrin.

## C. Failure to Investigate the Predicate for Admission of a Videotape

■ Appellant contends that trial counsel failed to familiarize himself with the predicate for admission of the videotape of appellant's arrest, which would have allowed him to challenge and potentially exclude the tape from evidence.[6] However, appellant's attorneys testified that they did not want to exclude the video from evidence because they felt it showed that appellant performed well on the FSTs and was not impaired. During opening and closing arguments, trial counsel alluded to the video extensively as evidence of appellant's lack of impairment. We hold that it was not an abuse of discretion for the trial court to presumptively find that trial counsel's representation was not deficient in this regard because trial counsel's decision was based on a reasonable trial strategy. *See Ex parte Kunkle,* 852 S.W.2d at 505.

## D. Failure to Challenge Expert Testimony

Appellant also contends that trial counsel performed defectively by (1) failing to challenge expert testimony on matters relating to the FSTs and (2) failing to challenge other areas of expert testimony without being able to articulate a strategic reason.

would have been more advantageous than the strategy actually implemented.

**5.** Additionally, we note that appellant has failed to argue that any error by trial counsel in failing to seek production of *The Pill Book* satisfies the harm prong of *Strickland. See* 466 U.S. at 688–92, 104 S.Ct. 2052. Therefore, even if appellant had shown trial counsel was deficient in failing to request production, she has necessarily failed to meet her burden

of demonstrating a reasonable probability that, but for the deficiency, the result of the proceeding would have been different. *Id.; Jackson,* 973 S.W.2d at 956.

**6.** We note that appellant points us to no authority supporting the notion that the videotape was inadmissible or that an overruled objection to its admission would have constituted reversible error. *Cf. Vaughn,* 888 S.W.2d at 74.

### 1. Failure to Challenge Matters Relating to the FSTs

 Appellant complains of trial counsel's failure to object to testimony regarding the scientific bases for the FSTs and that the tests were fair and easy to perform. As appellant acknowledges, counsel offered several strategic reasons for not challenging this testimony. Trial counsel felt appellant had performed well on the tapes and therefore did not want to discredit the FSTs "in any way, shape, or form." In addition, trial counsel vigorously cross-examined Officer Maffett as to whether appellant actually failed the tests, thereby attempting to discredit him. Further, counsel did not object to the testimony regarding the scientific bases used in validating the FSTs because he did not think the jury would attach any significance to Officer Maffett's testimony, which in counsel's opinion made no sense.

 Appellant claims that these strategies were not objectively reasonable, but a strategy that seeks to establish that the defendant is not guilty while discrediting contrary testimony by the State's key witness on elements of the charged offense is objectively reasonable. That appellant's appellate counsel may have pursued a different strategy does not necessarily indicate ineffective assistance by her trial counsel. *See Hawkins v. State*, 660 S.W.2d 65, 75 (Tex.Crim.App.1983). In furtherance of trial strategy, counsel may have good reason to not object to certain testimony when he feels that the jury does not believe it or because he hopes to use it to impeach the witness on cross-examination. *See Stafford*, 813 S.W.2d at 507–08. Viewing the evidence in the light most favorable to the ruling, the trial court's presumptive finding that trial counsel was not deficient in this regard was not an abuse of discretion.

### 2. Non–Strategic Failures to Challenge Expert Testimony

 Appellant asserts that trial counsel was ineffective because counsel admitted to having no strategic reason for not objecting to testimony that failing FSTs correlates to failing a breathalyzer test and that failing the HGN test demonstrates impairment. As discussed above, to establish ineffective assistance of counsel based on a failure to object, appellant must prove that the trial judge would have committed harmful error in overruling such an objection. *See Vaughn*, 888 S.W.2d at 74. Officer Maffett testified that he administers FSTs up to four times a night and that "very, very seldom" does he find a case where a person fails the FSTs but "takes the breathalyzer test [and is] actually under."

The leading case on testimony correlating FST performance to blood alcohol content (BAC) is *Emerson v. State*, 880 S.W.2d 759, 769–70 (Tex.Crim.App.1994). In *Emerson*, the Court of Criminal Appeals held that a qualified expert may testify regarding a defendant's performance on the HGN test, but "may not correlate the *defendant's* performance to a *precise* BAC." 880 S.W.2d at 769 (emphasis added). Here, the trial court would not have erred in overruling an objection to Officer Maffett's testimony because he did not link the results of *appellant's* FSTs to a precise BAC. *See Fremin v. State*, No. 14–01–00571–CR, 2002 WL 1315912, at *2 (Tex.App.-Houston [14th Dist.] June 6, 2002, no pet.) (not designated for publication). Rather, he stated that, in his experience, those who fail the FSTs rarely pass a breathalyzer test. *See Bertrand v. State*, No. 01–98–01401–CR, 2000 WL 1051989, at *2 (Tex.App.-Houston [1st Dist.] July 27, 2000, no pet.) (not designated for publication) (officer's testimony that, based on the HGN test, appellant

was "over the limit" amounted to qualitative rather than quantitative evidence of intoxication relating to appellant's HGN results and therefore was admissible and not in violation of *Emerson* ). Thus, appellant cannot show the trial court would have abused its discretion in overruling an objection to this testimony.

Next, appellant asserts that trial counsel was ineffective for failing to object to testimony that failing the HGN test demonstrates impairment because trial counsel admitted to having no strategic reason for not doing so. While appellant cites us to no authority supporting her argument that failure to object to this testimony was objectively deficient, the Court of Criminal Appeals has determined that the HGN test is a reliable indicator of *intoxication,* and at least one appellate court has cited that authority for the proposition that the HGN is an indicator of impairment. *Emerson,* 880 S.W.2d at 768 (HGN is a reliable indicator of intoxication); *Taylor v. State,* No. 03–03–00624–CR, 2006 WL 1649037, at *9 (Tex.App.-Austin June 16, 2006, pet. ref'd) (mem. op., not designated for publication) (HGN indicates impairment (citing *Emerson* )). We conclude that appellant cannot show that an objection on this basis would have been successful, and therefore this failure to object cannot support a claim for ineffective assistance of counsel.

### E. Failure to Make an Offer of Proof

 Appellant's trial counsel sought to impeach Officer Maffett by showing that he did not answer a subpoena to attend appellant's administrative license revocation hearing. The trial court sustained the State's objection to that line of questioning, cutting off appellant's attempt to impeach Maffett, but trial counsel failed to preserve any error in the trial court's ruling by making an offer of proof as to what Maffett would have testified to. Appel-

lant's trial counsel later explained that they had no strategic reason for failing to take that step, and appellant now argues they were deficient for failing to do so. But even if we assume this constituted deficient performance, appellant presents no argument to satisfy her burden of showing a reasonable probability that the result of the proceeding would have been different but for the allegedly deficient conduct. *See Strickland,* 466 U.S. at 688–92, 104 S.Ct. 2052. Because appellant has not met her burden under the second prong of *Strickland,* we conclude that the trial court did not abuse its discretion in overruling her contention on this ground.

### F. Reliance on an Unreasonable Defensive Theory Unsupported by the Evidence

 Appellant also claims her trial counsel was ineffective for arguing that the police did not offer a blood test because that theory was unsupported by the evidence. However, the record indicates otherwise. Although the offense report and Officer Maffett's testimony indicated that blood testing had been offered, a statutory warning form indicated that blood testing had not been offered. Trial counsel attempted to take advantage of this ambiguity, and appellant cites no authority for the proposition that such a strategy amounts to ineffective assistance of counsel. We therefore conclude that the trial court did not abuse its discretion in presumptively finding that trial counsel's performance was not deficient in this regard. Moreover, appellant presents no argument that, even if trial counsel's performance was deficient in this regard, there is a reasonable probability that but for such deficiency, the result of the proceeding would have been different.

In conclusion, viewing the alleged errors individually and collectively, and viewing

the record in the light most favorable to the trial court's ruling, we conclude the trial court did not abuse its discretion in presumptively finding that trial counsel's performance was not deficient and in rejecting appellant's ineffective assistance of counsel claim. Accordingly, we overrule appellant's second and third issues.

### III. Use of False Testimony

■■■■ In her first issue, appellant asserts that the trial court abused its discretion in not granting her a new trial on grounds that the State used false testimony regarding Wellbutrin. Appellant brings this claim under the rule espoused in *Yates:* when the State uses material,[7] false testimony in securing a conviction, a trial court abuses its discretion by not granting a motion for mistrial. *Yates v. State,* 171 S.W.3d 215, 220–22 (Tex.App.-Houston [1st Dist.] 2005, pet. ref'd).

In *Yates,* an expert witness gave false testimony regarding the existence of a particular episode of a television program. *Id.* at 219. Neither party, nor the jury, was aware of the falsity until after the jury returned a guilty verdict. *Id.* The appellate court determined that the false testimony gave greater weight to the expert's opinion, and noted that had the jury been made aware of the falsity prior to their deliberations, it likely would have considered the witness less credible. *Id.* at 222 & n. 6.

Here, Officer Maffett gave opinion testimony regarding the effects of Wellbutrin and Dr. Watson gave conflicting opinion testimony. Accordingly, the jury had the opportunity to determine Officer Maffett's credibility with full knowledge of Dr. Watson's testimony refuting his opinion regarding Wellbutrin. *See Yates,* 171

S.W.3d at 222 & n. 6; *Ramirez,* 96 S.W.3d at 397. The jury was presented with conflicting opinion testimony, and it is within the province of the jury to make credibility determinations and resolve conflicting evidence. *Tran v. State,* 221 S.W.3d 79, 88 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd). Therefore, *Yates* and other cases involving the use of material, false testimony to secure a conviction are inapplicable here. Appellant's first issue is overruled.

Having overruled all of appellant's issues, we affirm the trial court's judgment.

---

7. False testimony is material if there is a reasonable likelihood that it could have affected the jury's judgment. *Ramirez v. State,* 96 S.W.3d 386, 396 (Tex.App.-Austin 2002, pet. ref'd).