Affirmed and Memorandum Opinion filed November 10, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00719-CR

____________

 

DAVID ALLEN GANN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 124th
District Court

Gregg County, Texas 

Trial Court Cause No. 36,005-B

 



 

M E M OR A N D U M   O P I N I O N

Appellant David Allen Gann pled guilty to the offense of
aggravated robbery.[1]  The trial
court assessed punishment at confinement for 11 years.  Appellant contends the
trial court abused its discretion by denying his motion for new trial, in which
he asserted that his plea was involuntary because he received ineffective
assistance of counsel.  We  affirm. 

 








Background

 Together with three other individuals, appellant committed
the first degree offense of aggravated robbery on or about June 27, 2007. 
Appellant retained Brandt Thorson as counsel in August 2007.  Appellant was
charged with three counts of aggravated robbery on September 13, 2007.  In
November 2007, a pretrial hearing was set on appellant=s motion challenging the
voluntariness of appellant=s custodial statement.  At the November setting, prosecutor
Brian Lemaire announced that he would be prosecuting the case against
appellant.  Thorson asked for a recess to talk with Lemaire privately and
inquire what recommendations Lemaire would be willing to make to the trial
court regarding sentencing.

Lemaire and Thorson went into the court=s jury room, and Thorson asked
Lemaire if he would Arecommend probation on a plea agreement.@  Lemaire told Thorson that the State
would not recommend probation.  Lemaire stated that appellant=s best option would be to enter an
open plea to the court.  Thorson then met with appellant privately in a side
room and told appellant that the State was unwilling to recommend probation in
his case.  Thorson invited Lemaire into the room and Lemaire stated in front of
appellant and Thorson that the State would not recommend probation.  Appellant
decided to not go forward on his motion, and Thorson announced to the trial
court that appellant would be urging any motions at pretrial.








On February 22, 2008, appellant waived his right to jury
trial.  On April 9, 2008, appellant entered an open plea of guilty.  The trial
court asked whether appellant discussed the written plea admonishment forms
with Thorson and understood them, and appellant replied that he did.  Appellant
signed written plea admonishments containing the range of punishment, an
explanation of plea bargains and deferred adjudication, an acknowledgment that
appellant understood what he was doing and that he was satisfied with his
attorney, and a judicial confession to the crime as charged.  The trial court
fully admonished appellant regarding the perils of pleading guilty.  The trial
court also admonished appellant that it would listen to the evidence presented
and to the recommendations of the State and appellant=s counsel, but that it was not bound
by these recommendations.  

The trial court accepted appellant=s guilty plea.  After the State
presented evidence of the offense, the State asked that appellant serve time in
jail.  Thorson asked for deferred adjudication community supervision.  The
trial court assessed appellant=s punishment at 11 years= confinement.  On May 5, 2008, the
trial court conducted a hearing on appellant=s motion for new trial.  The trial
court heard testimony from appellant, Thorson, Lemaire, and appellant=s family friend, Angela Mitchell. 
The trial court denied appellant=s motion for new trial, finding that
appellant=s trial counsel was effective and that appellant=s guilty plea was voluntary.

Analysis

In his first issue on appeal, appellant argues that the trial
court abused its discretion by denying his motion for new trial, asserting that
his guilty plea was involuntary due to ineffective assistance of counsel. 
Appellant contends his guilty plea was involuntary because he Awas induced to plead guilty as a
result of the erroneous advice of his counsel that the prosecutor had agreed
not to recommend prison time.@  Appellant contends evidence elicited at the motion for new
trial hearing shows his trial counsel failed to inform him of Athe prosecutor=s true position on sentencing.@ Appellant argues the trial court
abused its discretion by Acrediting trial counsel=s testimony denying that he
misrepresented to . . . [appellant] the State=s sentencing recommendation,@ and by concluding that appellant
failed to demonstrate that he received ineffective assistance of counsel.








We review the trial court=s denial of a motion for new trial
for an abuse of discretion. Webb v. State, 232 S.W.3d 109, 112 (Tex.
Crim. App. 2007).  We view the evidence in the light most favorable to the
trial court=s ruling and uphold the ruling if it is within the zone of reasonable
disagreement.  Id.  We do not substitute our judgment for that of the
trial court, but rather we decide whether the trial court=s decision was arbitrary or unreasonable. 
Id. Thus, a trial court abuses its discretion in denying a motion for
new trial only when no reasonable view of the record could support the trial
court=s ruling.  Id.  At a hearing
on a motion for new trial, the trial court is the sole judge of the credibility
of the witnesses and the weight to be given their testimony. Alexander v.
State, 282 S.W.3d 701, 706 (Tex. App.CHouston [14th Dist.] 2009, pet.
filed).

When a defendant challenges the voluntariness of a plea
entered upon the advice of counsel, and contends that his counsel was
ineffective, the voluntariness of the plea depends on (1) whether counsel=s advice was within the range of
competence demanded of attorneys in criminal cases, and if not, (2) whether
there is a reasonable probability that, but for counsel=s errors, he would not have pled
guilty and would have insisted on going to trial.  Ex parte Moody, 991
S.W.2d 856, 857-58 (Tex. Crim. App. 1999).  As with other types of ineffective
assistance of counsel claims, a defendant bears the burden to show that counsel=s performance fell below a reasonable
standard of competence and that, in reasonable probability, defendant would
have pled not guilty and insisted on going to trial had he been properly
advised.  Id. at 858.

At the motion for new trial hearing, appellant testified that
Thorson talked to Lemaire in a side room at the November pretrial hearing. 
Appellant testified that Thorson thereafter took him to another side room and
told him Lemaire offered to not recommend prison time to the trial court if
appellant pled guilty and refrained from pursuing his motion to suppress. 
Although appellant understood there was no formal plea agreement, he believed
there was a verbal plea agreement between Thorson and Lemaire that Lemaire
would A[r]ecommend no jail time@ if appellant pled guilty.  Appellant
testified that he and Thorson never met with Lemaire.  








Appellant also testified that Thorson told him that the trial
court will Ago with whatever the prosecutor recommends@ nine out of ten times.  Appellant
stated that he Afigured there was, you know, probably a 90 percent chance, as
long as . . . [Lemaire] was recommending no jail time, that I would get to go
home.@  Appellant testified that he would
not have pled guilty if he had known that Lemaire had not agreed to refrain
from recommending jail time for appellant.

Appellant acknowledged that the trial court informed him Athere was no plea agreement in the
case; that this was an open plea to the Court, that . . . [the trial court]
would listen to the evidence and the recommendations from both Mr. Thorson and
Mr. Lemaire but that . . . [the trial court] wasn=t bound by these recommendations.@  Appellant also acknowledged that
Thorson explained to him before he entered his plea that the trial court would
listen to the attorneys= recommendations, but that the trial court was not required
to follow any of the recommendations.  Appellant acknowledged that he pled
guilty because he believed that this was his Abest option.@

Thorson=s testimony at the motion for new trial hearing conflicted
with appellant=s testimony.  Thorson testified that he asked for a recess to meet with
Lemaire privately after Lemaire announced at the November pretrial hearing that
he would be prosecuting appellant=s case.  Thorson previously had been
dealing with prosecutor Zach Austin and wanted to ask what recommendations
Lemaire would be willing to make to the trial court regarding sentencing.

Lemaire and Thorson went into the court=s jury room, and Thorson asked
Lemaire if he would Arecommend probation on a plea agreement.@  Lemaire told Thorson that the State
would not recommend probation.  According to Thorson, Lemaire stated that
appellant=s best option would be to enter an open plea to the court.  








Thorson then met with appellant privately in a side room and
told appellant about his conversation with Lemaire.  Thorson said the State was
unwilling to recommend probation in his case.  Thorson testified that he
conveyed all plea recommendations by the State to appellant, and that he never
misrepresented any plea recommendation made by the State.  Thorson also
testified that he told appellant Athe options at this point are a
full-blown jury trial with the State asking for you to go to prison for a very
long time, or the possibility of an open plea later on.@

Thorson testified that he invited Lemaire into the room at
that point.  Lemaire stated in front of appellant and Thorson that the State
would not recommend probation.  Thorson testified that Lemaire never said he
would refrain from recommending jail time.  Thorson said he told Lemaire that
appellant had been cooperating and could testify for the State against the
co-defendants; Lemaire replied that the State did not need appellant=s testimony, and that appellant=s Abest option in this case is to plea
open to the Court.@  

Lemaire further stated that he would Amake a soft rec,@ which Thorson interpreted to mean
that Athere would not be a specific
recommendation of a term of years of prison time.@  Thorson testified that Lemaire made
these statements in appellant=s presence, and that appellant understood what Lemaire was
saying.  After Lemaire left the room, Thorson talked to appellant about what
Lemaire had told them.  Thorson also explained appellant=s options to him in light of Lemaire=s unwillingness to recommend
probation.

Thorson testified that appellant decided to not go forward on
his motion at that time. Thorson testified that appellant decided to enter a
waiver of jury trial when the case was set on the trial docket in February
2008.  Thorson testified that he discussed at length with appellant what a
waiver of jury trial meant, and that the trial court also admonished appellant
in that respect.








Thorson further testified that appellant entered his guilty
plea only after Thorson discussed at length the consequences of his plea with
appellant.  Thorson testified that he also  explained to appellant that the
trial court was not required to follow his or Lemaire=s recommendation.  Finally, Thorson
testified that in his professional opinion, and based on the facts of the case
and his understanding of the practices in Gregg county and the trial judges, he
believed that appellant=s Abest shot at getting deferred adjudication probation was to
enter an open plea to a judge regardless of what the prosecutor said.@

Lemaire confirmed that he and Thorson met privately in the
court=s jury room to discuss appellant=s case.  Lemaire testified that he
told Thorson the State would never recommend probation in this case.  Lemaire
also confirmed that he met afterwards with Thorson and appellant, and told them
the State would not offer probation in the case.  According to Lemaire, Thorson
asked if the State would be willing to offer probation in return for appellant=s testimony against other
co-defendants but Lemaire declined Thorson=s offer.

Lemaire testified that he told Thorson and appellant that Ahis best right is to ask for . . .
[probation] through an open plea.@  Lemaire explained to Thorson and
appellant that the State would never recommend probation Abecause of the number of aggravated
robberies that the State had witnessed in the time period leading up to this
arrest.@  Lemaire testified that there was no
doubt in his mind that appellant listened to him and understood that he was Anot  going to offer probation in this
case.@

According to Lemaire, he told Thorson and appellant that he
would not object to appellant asking for probation in an open plea, but he also
stated that he would never recommend probation in this case.  Lemaire
testified, AI told them that this was never B this was never anything but a pen
time case in the State=s mind.@

Appellant called his family friend, Angela Mitchell, as a
rebuttal witness.  Mitchell testified that, although she recalled Thorson and
Lemaire going into a room and then later Thorson and appellant going into
another room, she did not recall seeing Lemaire join Thorson and appellant in
that room.








Based on this evidence, the trial court did not abuse its
discretion in (1) denying appellant=s motion for new trial; and (2)
concluding that the trial counsel=s performance was not deficient, and
that appellant=s plea was voluntary.  Accordingly, we overrule appellant=s first issue.[2]

Conclusion

We affirm the trial court=s judgment.

 

 

/s/        William J. Boyce

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed November 10, 2009.

Panel
consists of Chief Justice Hedges and Justices Anderson and Boyce.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  See Tex. Penal Code Ann. '
29.03 (Vernon 2003)





[2]  Having concluded that the trial court did not abuse
its discretion in finding that trial counsel=s
performance was not deficient in this case, we need not address appellant=s second issue, in which he complains that the trial
court abused its discretion by concluding that appellant failed to prove
prejudice.