Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-08-00788-CR

Aritzaid M. **SANTIAGO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-7320
Honorable Pat Priest, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  November 25, 2009

AFFIRMED

Appellant Aritzaid Santiago was convicted by a jury of injury to a child causing serious bodily injury and assessed punishment at five years confinement and a $10,000.00 fine.  On appeal, Santiago asserts: (1) the trial court erred in admitting testimony over an objection to relevancy, and (2) the evidence was factually insufficient to sustain Santiago's conviction.  We affirm the judgment of the trial court.

## BACKGROUND

On April 11, 2006, Santiago was taking care of N.B, the five month-old victim, while the child's mother was at work. With twin girls of her own only a year older than N.B., Santiago had become good friends with N.B.'s mother and cared for N.B. on a regular basis. When N.B.'s father arrived for N.B., Santiago explained that N.B. had not slept and had been crying all day. After many disturbing warning signs, such as N.B.'s eyes rolling backward, vomiting, and eventually becoming pale and listless, N.B.'s parents took him to the hospital.

Based on a physical examination and medical tests, a pediatric neurosurgeon concluded N.B. was suffering from subdural bleeding. The hospital staff then contacted the police amid concerns that the injury was intentional. While N.B. was in surgery, N.B's parents as well as Santiago were questioned by police. Santiago admitted to shaking N.B., even demonstrating how she shook the infant, because he would not stop crying. After pleading not guilty, a jury convicted Santiago of causing serious bodily injury to a child.

## RELEVANCY OF TESTIMONY

In her first issue on appeal, Santiago argues the trial court erred in allowing Dr. Mario Fierro to testify about N.B.'s continuing physical impairment over an objection to relevancy. We review the admissibility of evidence for an abuse of discretion. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). An abuse of discretion occurs when a trial court's decision lies outside the zone of reasonable disagreement. *Id*. Further, no reversible error exists in the exclusion or admission of evidence unless a substantial right of a party is affected. TEX. R. APP. P. 44.2 (b); *Rodriguez v. State*, 974 S.W.2d 364, 370 (Tex. App.—Amarillo 1998, pet. ref'd).

The State argues Dr. Fierro's testimony was offered to prove serious bodily injury. Serious bodily injury means "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE ANN. § 1.07 (a)(46) (Vernon 2003). "Evidence of a victim's serious bodily injury [may] be admissible at the guilt/innocence phase of the trial." *See Wilson v. State*, 772 S.W.2d 118, 120 n.4 (Tex. Crim. App. 1989). Rule 401 states evidence is relevant only if it tends to make "the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401.

Dr. Fierro began treating N.B. a few weeks after the surgery and placed N.B. in an early childhood intervention program for physical and occupational therapy. Dr. Fierro testified as to N.B.'s physical and neurological development. Because the testimony is directly related to the issue of protracted loss or impairment, it is relevant to the question of serious bodily injury. *See Moore v. State*, 739 S.W.2d 347, 352 (Tex. Crim. App. 1987) (requiring the prosecution to present "probative evidence from which a rational trier of fact could infer beyond a reasonable doubt that the bodily injury [was serious bodily injury]"). Because Dr. Fierro's testimony makes it more probable that N.B. suffered serious bodily injury than it would have been without the evidence, the testimony was relevant. *See* TEX. R. EVID. 401; *Montgomery v. State*, 810 S.W.2d 372, 376 (Tex. Crim. App. 1990) (finding that evidence is relevant when a reasonable person finds it helpful in determining the truth or falsity of any consequential fact). Accordingly, the trial court did not abuse its discretion by admitting the testimony.

### FACTUAL SUFFICIENCY

Santiago also asserts the evidence at trial was factually insufficient for the jury to conclude N.B.'s injury was the result of being shaken. When considering a factual sufficiency challenge, an appellate court views all of the evidence in a neutral light and only sets aside the verdict if the evidence is so weak that the verdict is "clearly wrong and manifestly unjust;" or if the verdict is "against the great weight and preponderance of the evidence." *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

To prove the charged offense, the State had to establish Santiago "intentionally, knowingly, recklessly, or with criminal negligence, by act" caused "serious bodily injury" to N.B., a child fourteen years or younger. *See* TEX. PEN. CODE ANN. § 22.04 (a)(1) & (c)(1) (Vernon 2003). On appeal, Santiago only challenges the sufficiency of the evidence related to the cause of N.B.'s injury. Our analysis must consider the evidence Santiago claims to be most important in allegedly undermining the jury's verdict. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); *accord Cain v. State*, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997).

Santiago argues the testimony of medical experts from both sides is conflicting and, therefore, insufficient to support the conviction. We disagree. When presented with inconsistent testimony, it was within the jury's purview to determine the credibility of the testimony. *See Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999) (noting that inconsistency goes to the credibility of the witnesses and the jury is the sole judge of that issue). Especially in cases, such as this, with conflicting expert testimony, we are not at liberty to say the jury should have believed Santiago's expert over the State's expert, when both opinions were based on probative evidence. *See Barry v. State*, 165 Tex. Crim. 204, 305 S.W.2d 580, 585-86 (1957) ("The jury was at liberty to believe any part of the [conflicting expert] testimony and reject the

remainder."); *see also Alexander v. State*, 282 S.W.3d 701, 711 (Tex. App.—Houston [14th Dist.] 2009, pet. filed); *Maness v. State*, No. 04-97-00848-CR, 1998 WL 690998, at *8 (Tex. App.—San Antonio Oct. 07, 1998, pet. ref'd) (mem. op., not designated for publication).

At trial, the attending physician, a pediatric neurosurgeon, testified that N.B.'s injuries were the result of being shaken. She also testified that the injuries occurred up to twelve hours before the Computerized Axial Tomography (CT scan) at 6:00 p.m. Santiago argues that since multiple people cared for N.B. during those twelve hours, that one or more individuals could have caused the injuries. However, the videotaped recording of Santiago answering police questions and demonstrating how she shook N.B. earlier that day was also admitted before the jury. In Santiago's defense, Dr. Richard Hirschberg testified that, in his opinion, N.B.'s medical record did not show conclusive evidence of an intentional act of shaking.

In the face of conflicting testimony, the jury was free to believe the opinion of the State's experts that N.B.'s symptoms were consistent with shaken baby syndrome. *See Barry*, 305 S.W.2d at 585-86. This evidence was factually sufficient to support the jury's finding that N.B.'s injury was the result of being shaken by Santiago. Consequently, we cannot say that the evidence is so weak that the verdict is clearly wrong and manifestly unjust, or against the great weight and preponderance of the evidence. *See Watson*, 204 S.W.3d at 414-15.

## CONCLUSION

We hold that Dr. Fierro's testimony was directly related to the issue of serious bodily injury and was, thus, relevant and properly admitted by the trial court. Additionally, we hold the evidence is factually sufficient to support the conviction. We, therefore, affirm the judgment of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH