

## NUMBER 13-25-00019-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

GARY CURNOW,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

### ON APPEAL FROM THE 36TH DISTRICT COURT
### OF ARANSAS COUNTY, TEXAS

## MEMORANDUM OPINION ON REHEARING

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion on Rehearing by Justice Fonseca**

Appellant Gary Curnow was charged with possession of one gram or more but less than four grams of methamphetamine (Count 1) and possession of a prohibited weapon (Count 2), both third-degree felonies. *See* TEX. HEALTH & SAFETY CODE § 481.115(c); TEX. PENAL CODE § 46.05(a)(1)(C), (e). After a trial, he was convicted on both counts. As to Count 1, the jury found an enhancement paragraph true and sentenced him to fifteen

years' imprisonment. *See* TEX. PENAL CODE § 12.42(a). Curnow filed a motion for new trial with respect to Count 2, which the trial court granted. After a second trial, Curnow was convicted on Count 2 and was sentenced to two years' imprisonment per an agreement with the State. By a single issue on appeal, Curnow contends his counsel provided ineffective assistance in the first trial by failing to file a motion to suppress the drug evidence on Fourth Amendment grounds. We affirm.

## I. BACKGROUND

At trial, Corporal Terry Camack of the Aransas Pass Police Department agreed with the prosecutor that, on March 1, 2024, he "assist[ed] in a search based on probable cause of a home located at 1309 North McCampbell." Camack stated that, in the course of the search, he found a "crystal-like substance" in three locations; forensic testing later confirmed the substance was methamphetamine. Camack also found drug paraphernalia, as well as prescription medication bottles and mail bearing Curnow's name. The officer believed Curnow and his mother lived at the residence; however, he did not see Curnow there that day. Officer Hunter Thomas, who also participated in the search, testified that he recovered a "soft gun case" containing a sawed-off shotgun.

In his own defense, Curnow testified that he lived at the searched residence. He said that the drugs and paraphernalia were not his but rather belonged to his fiancée. He stated that the shotgun belonged to his father.

Curnow was convicted and sentenced as set forth above, and this appeal followed.[1]

---

[1] On September 25, 2025, we issued a memorandum opinion dismissing this appeal for want of jurisdiction. *Curnow v. State*, No. 13-25-00019-CR, 2025 WL 2726537, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 25, 2025, no pet.) (mem. op., not designated for publication) (noting that "[t]he trial court's

2

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

By a single issue on appeal, Curnow argues his trial counsel "provided ineffective assistance when he failed to move to suppress the fruits of th[e] warrantless search" of his residence.

### A. Standard of Review and Applicable Law

The United States and Texas Constitutions guarantee a criminal defendant the right to reasonably effective assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see* TEX. CODE CRIM PROC. ANN. art. 1.051; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To obtain a reversal of a conviction on grounds of ineffective assistance of counsel, an appellant must show: "(1) counsel's performance fell below an objective standard of reasonableness," and "(2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding." *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009) (citing *Strickland*, 466 U.S. at 687). "Deficient performance means that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Ex parte Napper*, 322 S.W.3d 202, 246 (Tex. Crim. App. 2010) (quoting *Strickland*, 466 U.S. at 687).

The burden is on the appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Id.* at 248. The appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy. *See Strickland*,

---

certification of appellant's right to appeal, entered following conviction on Count 2, shows that appellant does not have the right to appeal"), *withdrawn* (Oct. 8, 2025). We subsequently granted Curnow's unopposed motion for rehearing, withdrew our September 25 memorandum opinion and judgment, and reinstated the appeal. *See* TEX. R. APP. P. 49.1.

466 U.S. at 689. Where the record does not include explanations for counsel's conduct, "we commonly assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it." *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

**B.     Analysis**

Curnow argues that "[t]he record in this case is devoid of any facts relied upon by these officers to have the 'probable cause to search' they testified to." He notes that none of the officers testified that the search was conducted pursuant to a warrant. He further argues that he had standing to challenge the search, and therefore, that a motion to suppress the drug evidence "would have been granted."

In response, the State observes that the record contains a "Discovery Inventory/Receipt" signed by defense counsel. One of the items listed on the inventory is an "Affidavit for Search Warrant" dated February 29, 2024; another is "Search Warrant and Return & Inventory for 1309 N. McCampbell[] St." The inventory indicates that these items, among dozens of others, were made available to defense counsel on June 7, 2024, and that defense counsel received the items on June 11, 2024. As the State notes, the record also contains an "Article 39.14 Discovery Compliance Verification" form, signed by the prosecutor and defense counsel, in which defense counsel again acknowledged receipt of these items.

To prevail on an ineffective assistance claim premised on counsel's failure to file

a motion to suppress, an appellant must show by a preponderance of the evidence that that the motion would have been granted. *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); *Alexander v. State*, 282 S.W.3d 701, 705 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd); *see Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991) ("Counsel is not required to engage in the filing of futile motions."). Curnow's ineffective assistance claim is entirely premised on the notion that the search in this case was performed without a warrant and was not supported by probable cause. But the record demonstrates that the search in this case was in fact performed pursuant to a warrant, and Curnow points to nothing in the record indicating that the warrant was not lawfully issued.[2] *See State v. Robinson*, 334 S.W.3d 776, 779 (Tex. Crim. App. 2011) (noting that an appellant claiming a search violated the Fourth Amendment has the burden to produce evidence rebutting the presumption of proper police conduct, and an appellant claiming a search violated Texas Code of Criminal Procedure article 38.23 has the burden to produce evidence of a statutory violation); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.23(b) (providing that evidence obtained in violation of state or federal law may nevertheless be admitted if it "was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause").

Curnow has not shown that a motion to suppress the drug evidence would have been granted. Accordingly, we overrule his issue on appeal. *See Jackson*, 973 S.W.2d at

---

[2] We note that when there has been no post-trial development of the record, as here, "claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011); *see Thompson v. State*, 9 S.W.3d 808, 814–15 (Tex. Crim. App. 1999) (noting that a habeas application would "provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at . . . trial").

957.

###### III.  CONCLUSION

The trial court's judgment is affirmed.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
15th day of January, 2026.