### PEDRO COSTELLO v. THE STATE.

#### No. 8448.   Rendered October 22, 1924.

#### Rehearing denied December 3, 1924.

**Manufacturing Intoxicating Liquor—Suspended Sentence—Age Limit for.**

Appellant applied for a suspended sentence, and the court refused to submit the issue to the jury. The age of the accused was over twenty-five years, and under our liquor laws, a suspended sentence is not available to the accused, whose age exceeds twenty-five years.

Appeal from the District Court of Milam County. Tried below before the Hon. John Watson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

*Chambers, Wallace & Gillis,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The evidence discloses that the appellant was in possession of equipment for making intoxicating liquor; that he had material from which it was made and some of the finished product in his possession; that he admitted that he had made intoxicating liquor. He made exculpatory declarations to the effect that it was made for medicinal purposes, and introduced like testimony of members of his family. The court submitted that issue to the jury in an appropriate charge prepared by counsel for the appellant.

Appellant contends that his testimony and that of his relatives to the effect that the whisky was manufactured for medicinal purposes is uncontroverted and that by reason thereof the court should have instructed the jury to render a verdict of acquittal. It may be conceded that the jury would not have the right to arbitrarily and capriciously disregard the testimony of a given fact within the knowl-

edge of a disinterested, unimpeached and uncontroverted witness, but it cannot be said that the testimony of the appellant and his relatives comes within the scope of this rule. Their interest in the matter on trial is such as to leave their credibility for the decision of the jury. See Ruling Case Law, Vol. 28, p. 660, Sec. 245. The interest and bias of a witness is always a proper subject for consideration in weighing his testimony. Ruling Case Law, Vol. 28, p. 615, Sec. 204. This view, it is conceived, is supported by the statute. See Article 786, C. C. P., in which it is declared that the jury is to be the judge of the credibility of the witnesses and the weight to be given to their testimony. Many applications of the rule will be found in Vernon's Texas Crim. Stat., Vol. 2, pages 687 and 688. In none of these have we found any expressions which would warrant a holding that under the record it was incumbent upon the court to instruct a verdict of acquittal.

Complaint is made of the refusal of the court to instruct the jury that they had the privilege of recommending the suspension of the appellant's sentence. He was above twenty-five years of age, and this court has heretofore declared in several instances that the suspended sentence was not available to the accused whose age exceeded twenty-five years.

We have read the interesting brief of the appellant's counsel in which he contends that the question should be reopened, and that the court should reverse itself upon the subject in hand. We are constrained, however, to adhere to the previous announcement upon the subject. See Davis v. State, 245 S. W. Rep., 395.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

HAWKINS, JUDGE.—We have examined with interest appellant's motion for rehearing, and the able argument, both written and oral, presented by appellant's counsel has received our careful consideration. We regret that our views do not coincide with those entertained by counsel.

Believing the case was properly disposed of originally, the motion will be overruled.

*Overruled.*