Affirmed and Memorandum Opinion filed November 10, 2009.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-00514-CR



 

Willie Charles Ross, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 400th
District Court

Fort Bend County, Texas

Trial Court Cause No. 43,274



 

MEMORANDUM  OPINION

 

A jury
convicted Willie Charles Ross, appellant, of sexual assault, and the trial
court sentenced him to four years’ confinement in the Institutional Division of
the Texas Department of Criminal Justice.  See Tex. Penal Code Ann. §
22.011 (Vernon Supp. 2009).  On appeal, appellant contends the trial court
abused its discretion in denying his motion for new trial, predicated on an
ineffective assistance of counsel claim.  Specifically, appellant alleges
counsel erroneously advised him the trial court could grant him probation.  We
affirm the judgment.

I.                  
Background

            Following
his conviction and sentencing, appellant filed a motion for new trial, accusing
his trial counsel of ineffective assistance by erroneously advising him the
trial court could potentially grant probation in his case.  He testified that counsel
recommended he elect to have the judge assess punishment because (1) the jury
would likely assess the maximum sentence, but (2) the judge could assess his
punishment anywhere from probation to the maximum range of punishment. 
Thinking he might receive probation, appellant asked the judge to assess
punishment.  

            Counsel
denied telling appellant the judge could grant probation.  Rather, he testified
that he recommended appellant opt to have the judge assess punishment because
he believed the jury would likely assess the maximum sentence in light of
appellant’s previous violation of a protective order and the pendency of a
felony charge against him.  

After hearing the
testimony of both witnesses, the court denied appellant’s motion for new
trial.  In one issue on appeal, appellant contends the trial court abused its
discretion by apparently resolving the conflict in testimony by believing
counsel’s testimony and disbelieving his.  Because we defer to the trial court
to resolve conflicts in testimony, we overrule appellant’s issue and affirm the
judgment.

II.              
Discussion

Both the federal and
state constitutions guarantee an accused the right to have the assistance of
counsel.  See U.S. Const. amend. VI; Tex. Const. art. I, § 10.  The
right to counsel includes the right to reasonably effective assistance of
counsel.  See Strickland v. Washington, 466 U.S. 668, 686 (1984).  In
reviewing claims of ineffective assistance of counsel, we apply a two-prong
test.  See Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005)
(citing Strickland, 466 U.S. at 687–88).  That is, appellant must prove
by a preponderance of the evidence (1) his trial counsel’s representation was
deficient in that it fell below the standard of prevailing professional norms
and (2) there is a reasonable probability that, but for counsel’s deficiency,
the result of the trial would have been different.  Id. (citing Strickland,
466 U.S. at 687–88).  A reasonable probability is a probability sufficient to
undermine confidence in the outcome.  Mallett v. State, 65 S.W.3d 59, 63
(Tex. Crim. App. 2001) (citing Strickland, 466 U.S. at 694).

            When
evaluating a claim of ineffective assistance, we look to the totality of the
representation and the particular circumstances of each case.  Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  We begin with the strong presumption
that counsel’s actions and decisions were reasonably professional and were
motivated by sound trial strategy.  Stults v. State, 23 S.W.3d 198, 208
(Tex. App.—Houston [14th Dist.] 2000, pet. ref’d); Thompson, 9 S.W.3d at
813.  To overcome the presumption of reasonable professional assistance, any
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.  Thompson,
9 S.W.3d at 813.  Our judicial review must be highly deferential to trial
counsel and avoid the deleterious effects of hindsight.  Ingham v. State,
679 S.W.2d 503, 509 (Tex. Crim. App. 1984).  Thus, counsel
will not be rendered ineffective merely because other counsel may have tried
the case differently.  Id.  

            We review the denial of a motion for new trial
for an abuse of discretion.  Holden v. State, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006). The test for abuse of discretion is whether the trial
court acted without reference to any guiding rules or principles, and the mere
fact that a trial court may decide a matter within its discretionary authority
differently than an appellate court does not demonstrate such an abuse. State v.
Herndon, 215 S.W.3d
901, 907–08 (Tex. Crim. App. 2007).  We do
not substitute our judgment for that of the trial court. Holden, 201 S.W.3d at 763.  Instead, we review the evidence in the light most
favorable to the trial court's ruling and presume that all reasonable findings
that could have been made against the losing party were so made.  See
Alexander v. State, 282 S.W.3d 701, 706 (Tex. App.—Houston [14th Dist.]
2009, pet. filed); Acosta v. State, 160 S.W.3d 204, 210 (Tex. App.—Fort
Worth 2005, no pet.).  Only when no reasonable view of the record could support
the trial court's ruling do we conclude the trial court abused its discretion
by denying the motion for new trial.  Holden, 201 S.W.3d at 763.  

With
respect to a motion for new trial, the trial judge possesses broad discretion
in assessing the credibility of witnesses and weighing the evidence to
determine whether a different result would occur upon retrial.  Morris v. State,
696 S.W.2d 616, 620 (Tex. App.—Houston [14th Dist.] 1985), aff’d, 739
S.W.2d 63 (Tex. Crim. App. 1987).  In assessing the evidence presented
at the new trial hearing, the trial judge, sitting as the trier of fact, may
consider the interest and bias of any witness.  Messer v. State, 757
S.W.2d 820, 828 (Tex. App.—Houston [1st Dist.] 1988, pet. ref’d) (per curiam)
(citing Costello v. State, 266 S.W. 158 (Tex. Crim. App. 1924)).  In
this case, the trial judge apparently weighed the conflicting testimony and
chose to believe counsel.  Because the judge was free to believe either witness
and reject the other’s testimony, we hold the court did not abuse its
discretion in denying the motion for new trial.  See id.  

Thus, the trial court
implicitly found counsel did not misrepresent the judge’s ability to grant
probation.  Because we must defer to the trial court’s finding, the record does
not affirmatively demonstrate counsel’s alleged ineffectiveness.  See Thompson,
9 S.W.3d at 813.  Therefore, appellant has not overcome the strong presumption
that counsel’s actions and decisions were reasonably professional and motivated
by sound trial strategy.  See Stults, 23 S.W.3d at 208; Thompson,
9 S.W.3d at 813.  Accordingly, we overrule appellant’s sole issue on appeal.   

III.           
Conclusion

Finding no merit in the issues presented, we affirm the
judgment.

 








                                                                                                                                                                                                                                                                                                                                                                                                /s/        Kent
C. Sullivan

                                                                                    Justice

 

Panel consists of Chief Justice
Hedges and Justices Seymore and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).