

# NUMBER 13-11-00547-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

IRVING MAGANA GARCIA,                                             **Appellant,**

**v.**

THE STATE OF TEXAS,                                                **Appellee.**

## On appeal from the 139th District Court of Hidalgo County, Texas.

## MEMORANDUM OPINION[1]

### Before Chief Justice Valdez and Justices Rodriguez and Longoria Memorandum Opinion by Justice Rodriguez

A jury found appellant Irving Magana Garcia guilty of murder. *See* TEX. PENAL CODE ANN. § 19.02 (West 2011). After finding that death was caused under the influence

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

of sudden passion, a felony of the second degree, the jury sentenced Garcia to twenty years in the Institutional Division of the Texas Department of Criminal Justice and assessed a $10,000 fine. *See id.* § 19.02(d). Garcia filed a motion for new trial based on the trial court's alleged failure to appoint an interpreter to translate the trial proceedings into Spanish for Garcia's benefit and on claims of ineffective assistance of counsel. The motion was overruled by operation of law. This appeal followed.

By seven issues and nine supplemental issues, which we reorganize as six, Garcia complains that: (1) the trial court erred in failing to conduct a hearing on his motion for new trial with Garcia present; (2) the trial court abused its discretion when it determined that Garcia waived his right to an interpreter and did not provide an interpreter to Garcia; (3) the trial court abused its discretion when it found that Garcia's trial counsel provided effective assistance; (4) the reporter's record is inaccurate because it fails to indicate that an interpreter was used when Garcia communicated with the trial court on January 18, 2011; (5) the $10,000 fine was "illegally included in the signed judgment" when it was not included in the trial court's oral pronouncement of Garcia's sentence; and (6) the trial court erred in denying Garcia's motion for new trial. We affirm, as modified.

## I. GARCIA'S PRESENCE AT THE MOTION FOR NEW TRIAL HEARING

By his first issue, Garcia complains that the trial court erred when it allowed his motion for new trial to be overruled by operation of law without hearing the motion in his presence. Article 33.03 of the Texas Code of Criminal Procedure requires that in all prosecutions for felonies, the accused must be personally present at trial, except when the accused voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected. TEX. CODE CRIM. PROC. ANN. art. 33.03 (West 2006);

2

*see Adanandus v. State*, 866 S.W.2d 210, 217 (Tex. Crim. App. 1993); *Hodges v. State*, 116 S.W.3d 289, 296 (Tex. App.—Corpus Christi 2003, pet. ref'd). This right to be present extends to a hearing on a motion for new trial. *Coons v. State*, 758 S.W.2d 330, 339 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd); *see also Kotara v. State*, No. 13-08-00519-CR, 2009 Tex. App. LEXIS 5020, at *5–7 (Tex. App.—Corpus Christi, May 21, 2009, no pet.) (mem. op., not designated for publication). However, a defendant may waive his right to be present at a motion for new trial. *Coons*, 758 S.W.2d at 339 (citing *Phillips v. State*, 163 Tex. Crim. 13, 288 S.W.2d 775 (1956)); *see also Kotara,* 2009 Tex. App. LEXIS 5020, at *6.

It is undisputed that Garcia desired to be present at the motion-for-new-trial hearing and did not waive this right. He filed a motion to delay his transfer to prison so that he could appear before the trial court. Nonetheless, Garcia was transferred and was unavailable for the hearing. Ultimately, Garcia's motion was overruled by operation of law.

On appeal, the State conceded, and we agreed, that Garcia should have had the opportunity to appear at the motion-for-new-trial hearing. Accordingly, on October 2, 2012, we abated the appeal and remanded the case to the trial court so that it could conduct a hearing with Garcia present. *See Hobbs v. State*, 298 S.W.3d 193, 203 (Tex. Crim. App. 2009) (reversing the judgment of the court of appeals and remanding with instructions to abate the appeal and return the case to the trial court to conduct a hearing on appellant's motion for new trial that was properly filed and presented and that raised matters, upon which relief could be granted, that are not determinable from the record); *Coons*, 758 S.W.2d at 339.

3

On November 1, 2012, the trial court held a hearing on Garcia's motion for new trial. Garcia appeared in person and through his appointed counsel.[2] After receiving evidence and hearing testimony and argument of counsel, the trial court commented, in relevant part, that,

> [Garcia] waived the right to [an] interpreter. He waived it verbally. He never objected to an interpreter not being present . . . . He knew about the interpreter and he didn't want an interpreter . . . . It was a waiver. . . . The [c]ourt finds that the [c]ourt talked to [Garcia and his counsel]. I want to say it was up here on the bench where we were talking and he said he didn't want one, so it's a waiver.

On November 5, 2012, the trial court entered its written order denying Garcia's motion. It also entered the following findings of fact:

1. That the central claim in this motion for new trial is that this [c]ourt failed to *sua sponte* appoint Defendant Garcia an interpreter upon learning that Defendant Garcia did not speak or understand English under Article 38.30(a) of the Texas Code of Criminal Procedure.

2. Based on the credible testimony of . . . trial counsel for the Defendant[ ] and Defendant Garcia, Defendant Garcia was aware of his right to an interpreter and for valid reasons, pertaining to trial strategy, did not request an interpreter.

3. Based upon the credible testimony of Assistant Criminal District Attorney . . . , lead counsel for the State in this case, and this [c]ourt's recollection of the underlying proceedings, Defendant Garcia waived his right to an interpreter during an unrecorded bench conference.

4. That it was based on this waiver that this [c]ourt determined that the appointment of an interpreter was not needed.

5. That trial counsel . . . provided effective assistant [sic] of counsel during a difficult case.

   a. That [c]ounsel had valid trial strategy in allowing the jury to consider the confession as this allowed testimony and evidence that allowed the jury to make a 'sudden passion'

---

[2] Garcia's appointed appellate counsel, not his trial counsel, represented him throughout the motion for new trial proceedings.

finding.

     b.     That counsel discussed defendant Garcia's right to an interpreter and had a valid trial strategy in recommending that they not seek the appointment of an interpreter.

6.     Having reviewed the case and all testimony presented this [c]ourt finds no merit in any other claim raised in the motion for new trial.

On November 19, 2011, after receiving a copy of the trial court's order denying Garcia's motion for new trial and a copy of the reporter's record of the motion for new trial proceedings, we reinstated the appeal. Now, because the trial court heard Garcia's motion for new trial in his presence, we overrule the first issue as moot.

## II. APPOINTMENT OF AN INTERPRETER

By his second issue, Garcia complains that the trial court erred in failing to sua sponte appoint an interpreter to interpret from English into Spanish, once it determined that Garcia did not understand or speak English.[3] *See* TEX. CODE CRIM. PROC. ANN. art. 38.30 (West Supp. 2011); *Garcia v. State*, 149 S.W.3d 135, 143–45 (Tex. Crim. App. 2004) (discussing the constitutional right to an interpreter and the trial court's duty to appoint an interpreter sua sponte when the right to an interpreter has not been validly waived and the trial court becomes aware the accused requires an interpreter). Garcia also contends that the trial court erred in finding he waived his right to an interpreter. Garcia asserts that the trial court's inaction violated his federal and state constitutional rights, including his right to confront witnesses against him, to aid in obtaining fair and impartial jurors, to be free from deprivation of liberty without due process, and to receive equal protection of the laws of Texas. *See* U.S. CONST. AMENDS. VI & XIV.

---

[3] The record indicates that an interpreter was provided to translate from Spanish to English. Garcia does not complain that he was not provided *any* interpreter, but that he was not provided an interpreter to translate from English to Spanish.

## A.    Applicable Law and Standard of Review

Article 38.30 of the Texas Code of Criminal Procedure provides, in relevant part, that "[w]hen a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for the person charged or the witness."   *See* TEX. CODE CRIM. PROC. ANN. art. 38.30.   However, even when the trial court is aware that a defendant has difficulty understanding English, the defendant can waive the trial court's appointment of an interpreter if he knowingly or voluntarily waives his right to an interpreter.   *Garcia*, 149 S.W.3d at 143–45.

We review a trial court's decision on whether to appoint an interpreter for an abuse of discretion. *See Linton v. State*, 275 S.W.3d 493, 500 (Tex. Crim. App. 2009) (addressing adequacy of interpretive services provided for a deaf defendant); *Abdygapparova v. State*, 243 S.W.3d 191, 201 (Tex. App.—San Antonio 2007, pet. ref'd). We also review the denial of a motion for new trial under an abuse of discretion standard. *Cueva v. State*, 339 S.W.3d 839, 856–57 (Tex. App.—Corpus Christi 2011, pet. ref'd). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles.   *State v. Herndon*, 215 S.W.3d 901, 907–08 (Tex. Crim. App. 2007).

We defer to the trial court's right to weigh the credibility of the testimony at the hearing on the motion for new trial.   *See Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001); *Etter v. State*, 679 S.W.2d 511, 515 (Tex. Crim. App. 1984); *see also Morris v. State*, 696 S.W.2d 616, 620 (Tex. App.—Houston [14th Dist.] 1985), *aff'd,* 739

6

S.W.2d 63 (Tex. Crim. App. 1987). "Because the trial judge is the sole judge of the credibility of the witnesses, a trial court does not abuse its discretion by denying a motion for new trial based on conflicting evidence." *Cueva*, 339 S.W.3d at 857. In assessing the evidence presented at the new trial hearing, the trial court, sitting as the trier of fact, may also consider the interest and bias of any witness. *Messer v. State*, 757 S.W.2d 820, 828 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd) (per curiam) (citing *Costello v. State*, 98 Tex. Crim. 406, 266 S.W. 158 (Tex. Crim. App. 1924)). Deference to the trial court is required even if we would weigh the testimony differently than the trial court did. *See Salazar*, 38 S.W.3d at 148.

Thus, we review the evidence in the light most favorable to the trial court's ruling and presume that all reasonable findings that could have been made against the losing party were so made. *See Alexander v. State*, 282 S.W.3d 701, 706 (Tex. App.—Houston [14th Dist.] 2009, pet. filed); *Acosta v. State*, 160 S.W.3d 204, 210 (Tex. App.—Fort Worth 2005, no pet.). Only when no reasonable view of the record could support the trial court's ruling do we conclude the trial court abused its discretion by denying the motion for new trial. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

## B. Analysis

It is apparent from the record, and undisputed on appeal, that the trial court was aware that Garcia did not understand and did not speak the English language. Thus, the trial court was required to appoint an interpreter to translate the proceedings into Spanish for Garcia, absent waiver. *See* TEX. CODE CRIM. PROC. ANN. art. 38.30; *Garcia*, 149 S.W.3d at 143–45.

7

At the motion-for-new-trial hearing, Garcia's trial counsel testified that (1) he is fully bilingual and had conversations with Garcia in Spanish; (2) he informed Garcia that he did not want an interpreter because it would be very distracting for the jury and it would make it harder for him to concentrate on what he was doing with a conversation going on right beside him; (3) he told Garcia that after the witnesses testified or during a break, he would provide Garcia with a very brief summary of the witnesses' harmful testimony, which he did; and (4) he acknowledged that his affidavit set out that "[t]he accused and I agreed not to ask for an interpreter." Counsel also testified he could not recall or did not believe that Garcia waived his right to have an interpreter.

Garcia testified that his counsel told him that he "had the right to an interpreter, but . . . wouldn't recommend that because . . . that would distract him and not let him concentrate very well." Garcia testified that he agreed not to request an interpreter. Nonetheless, Garcia and his counsel, through their affidavits entered into evidence at the hearing, avowed that Garcia did not waive the services of an interpreter.

Testifying for the State, the prosecuting attorney explained that she was present during all hearings and bench conferences. She testified that counsel told her that he did not want an interpreter, and she understood this to be a waiver. According to the prosecutor, before trial began, defense counsel also informed the court that he was not going to need an interpreter. She explained that the trial court asked counsel if he wanted an interpreter, and counsel said, "[N]o."

In sum, there is evidence that Garcia and his counsel agreed not to request an interpreter as part of their trial strategy. There is also evidence that defense counsel informed the trial court and the prosecutor that Garcia did not want an interpreter. In

8

addition, although there is conflicting testimony, the trial court could have determined that Garcia voluntarily and knowingly waived the appointment of this interpreter because Garcia knew he had the right to an interpreter, understood counsel's reasons for waiving that right, and agreed with him. Moreover, the trial court recollected that Garcia waived his right to an interpreter during an unrecorded bench conference.

Reviewing the evidence in the light most favorable to the trial court's ruling and presuming that all reasonable findings that could have been made against Garcia, the losing party, were so made, *see Alexander*, 282 S.W.3d at 706, we conclude that this reasonable view of the record supports the trial court's ruling. *See Holden*, 201 S.W.3d at 763. The record of the hearing on Garcia's motion for new trial established that Garcia effectively made an express waiver of his right to a translator. Deferring to the trial court's determination of the credibility of the testimony and its consideration of the interest and bias of the witnesses, although there was conflicting evidence, we conclude that the trial court did not abuse its discretion when it determined that Garcia waived his right to an interpreter. *See Salazar*, 38 S.W.3d at 148; *Messer*, 757 S.W.2d at 828; *see also Cueva*, 339 S.W.3d at 857. And, in light of that waiver, the trial court did not abuse its discretion when it did not appoint an interpreter to interpret from English into Spanish. *See Salazar*, 38 S.W.3d at 148; *Messer*, 757 S.W.2d at 828. We overrule Garcia's second issue.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

By his third issue, Garcia contends that the trial court erred in finding that his trial counsel provided effective assistance. Specifically, Garcia complains of the trial court's finding that counsel had a valid trial strategy when he recommended that they not seek

the appointment of an interpreter.

## A.     Standard of Review and Applicable Law

The trial court's determination of a motion for new trial on the ground of ineffective assistance of counsel is a matter entirely within the trial court's discretion. *Cueva*, 339 S.W.3d at 856–57.   Therefore, under the facts of this case, we will review the prongs of *Strickland v. Washington*, set out below, through this abuse of discretion standard of review, reversing only if the trial court's decision was arbitrary or unreasonable. *See id.* at 857.   Again, we are mindful of the requirement that we are to defer to the trial court's right to weigh the credibility of the testimony before the court at the motion-for-new-trial hearing. *See Salazar*, 38 S.W.3d at 148.

To establish ineffective assistance of counsel, Garcia must show that:  (1) his attorney's representation was deficient; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 684 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Cueva*, 339 S.W.3d at 857.   "An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).   Because *Strickland's* first prong is dispositive of this issue, we will analyze it first. *See* TEX. R. APP. P. 47.1.

> Counsel's performance is deficient when his representation falls below an objective standard of reasonableness.   In determining whether there is a deficiency, we afford great deference to trial counsel's ability, indulging "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that counsel's actions were the result of sound and reasonable trial strategy.   Decisions rooted in strategy do not constitute deficient performance.   Unless a defendant can show in the record that counsel's conduct was not the product of a strategic decision, "a reviewing court should presume that trial counsel's performance was constitutionally adequate 'unless the challenged conduct

was so outrageous that no competent attorney would have engaged in it."

*Cueva*, 339 S.W.3d at 857–58 (citations omitted).

## B.     Analysis

Garcia contends that his trial counsel was ineffective because he did not ask for an interpreter to translate from English to Spanish.   He argues that his strategy was not reasonable.   Relying on *United States v. Holmes*, Garcia acknowledges that defense counsel can waive a defendant's constitutional right to confrontation for valid, tactical purposes.   *See* 620 F.3d 836, 843 (8th Cir. 2010).   Garcia does not challenge counsel's strategy in not wanting an interpreter because it would distract the jury or because it would make it harder for him to concentrate.   Rather, Garcia argues that counsel's strategy "to choose to keep [Garcia] in the dark and unaware of what his accusers were testifying to in the English language against him" was not a valid, reasonable trial strategy; it was ineffective assistance of counsel.   We disagree.

At the hearing on Garcia's motion for new trial, counsel, himself, clearly articulated his reasons for his decision not to request an English-to-Spanish interpreter.   He explained that he did not want an interpreter because the interpreter would distract both him and the jury.   The prosecutor did testify that counsel informed her that he did not want an interpreter for Garcia because he did not "really want him to know what's going on."   However, except for this testimony, the record is silent regarding counsel's tactical decision, if for this reason.   *See Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (setting out that when the record is silent on the motivations underlying counsel's tactical decisions, appellant usually cannot overcome the strong presumption that counsel's conduct was reasonable).   No one elicited specific testimony from counsel or further

11

testimony from the prosecutor regarding this alleged motivation for counsel's strategic decision. And the trial court did not appear to consider the prosecutor's testimony in its determination of the effectiveness of counsel's assistance. Instead, the trial court based its finding that counsel's assistance was effective on counsel's credible testimony. The trial court further found that counsel "had a valid trial strategy in recommending that they not seek the appointment of an interpreter."

Based on the reasoning provided by trial counsel and our deference to the trial court's right to weigh the testimony that comes before it at the hearing on the motion for new trial, *see Salazar*, 38 S.W.3d at 148, we conclude that trial counsel's decision was reasonably professional and motivated by sound trial strategy. It was a decision that did not fall below an objective standard of reasonableness. Thus, Garcia failed to demonstrate, on this record, deficient performance by his trial counsel. Furthermore, the trial court's determination that trial counsel's assistance was not ineffective was not arbitrary or unreasonable; it did not abuse its discretion in this regard. *See Cueva*, 339 S.W.3d at 857. We overrule this third issue.

## IV. REPORTER'S RECORD

By his fourth issue, Garcia argues that the reporter's record of a pre-trial proceeding on January 18, 2011 erroneously fails to indicate that an interpreter was used when Garcia communicated with the trial court. He claims that "[t]his is a very important omission by the reporter [because] whether Mr. Garcia needed and had an interpreter is an ultimate issue on appeal." Having determined that the trial court did not abuse its discretion in determining not to appoint an interpreter to translate the English trial proceedings into Spanish for Garcia, we need not address this issue, as it is not

12

dispositive of this appeal.   *See* TEX. R. APP. P. 47.1.

## V.   ASSESSMENT OF A FINE

By his fifth issue, Garcia contends that the $10,000 fine was "illegally included in the signed judgment, after the trial court failed to orally pronounce any fine in Mr. Garcia's presence."   The record confirms that the trial court omitted the $10,000 fine assessed by the jury when it orally pronounced Garcia's sentence.

A defendant has the right to have his sentence, including the assessment of any fines, pronounced in his presence.   *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2011); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd).   "'When the oral pronouncement of the sentence and the written judgment vary, the oral pronouncement controls' because 'the written sentence or order simply memorializes' the oral pronouncement."   *State v. Davis*, 349 S.W.3d 535, 538 (Tex. Crim. App. 2011) (quoting *Ex Parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002)).   An intermediate appellate court may reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so.   *See* TEX. R. APP. P. 43.2(b) ("The court of appeals may . . . modify the trial court's judgment and affirm it as modified.").

The State concedes that the judgment should be modified.   We, therefore, sustain Garcia's fifth issue and modify the trial court's judgment to delete the $10,000 fine from the trial court's judgment.

## VI.   MOTION FOR NEW TRIAL

Garcia's sixth and final issue recasts previous issues by generally alleging the trial court abused its discretion in overruling his motion for new trial.   It is based on

13

contentions made in his motion for new trial and argued on appeal in his second and third issues.    Because we have concluded that the trial court did not abuse its discretion on those issues, we likewise overrule Garcia's sixth issue.    *See* TEX. R. APP. P. 47.1.

## VII.  CONCLUSION

We affirm the judgment, as modified.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of March, 2013.