

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00156-CR

AUSBON OSBORNE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1316584R, Honorable George W. Gallagher, Presiding

May 29, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Ausbon Osborne appeals from his conviction by jury of two counts of aggravated sexual assault of a child,[1] one count of indecency with a child,[2] and one count of injury to a child[3] and the resulting sentences of thirty-five years of imprisonment for the aggravated sexual assault convictions, twenty years for the indecency

---

[1] TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West 2013).

[2] Tex. Penal Code Ann. § 21.11(c) (West 2013).

[3] TEX. PENAL CODE ANN. § 22.04(a)(3), (f) (West 2013).

conviction, and ten years for the injury conviction.[4]  He presents nine points of error. We will affirm.

## Background

After appellant plead not guilty to each of the four offenses set forth in the indictment, the case was tried to a jury.  The indictment indicates each of the four offenses allegedly occurred around the same time. The complainant is one of appellant's several children. By the time of trial, the complainant was in the sixth grade. While she attended some special education classes, her testimony demonstrated no particular difficulty in communication.

The complainant testified that when she was in the fourth grade, she told her teacher appellant had "raped" her. The teacher testified that she asked the complainant what happened and the child gave more details, telling the teacher of an instance on which her father sexually assaulted her by penile penetration. Complainant repeated her statements in a generally consistent manner to others, including investigators with child protective services, a forensic interviewer and a sexual assault nurse examiner. Complainant testified at trial to the same incident.  Complainant also testified at trial to other instances in which appellant put his finger inside her "private part."

Appellant did not testify at trial.  A detective and two child protective services investigators[5] investigating complainant's allegations testified appellant admitted to

---

[4] The sentences run concurrently.

[5] During the course of the investigation into complainant's allegations against appellant, the first investigator retired and the second investigator continued the inquiry into these allegations. Both testified at trial.

some unusual conduct with complainant. A detective testified that during an interview with appellant, appellant denied touching the complainant's "private parts" but told him he had looked at the child's "opening"[6] to "check" her for sexual activity because he believed she was having sex with older boys and might be pregnant or in need of medical care or birth control. The investigators testified appellant made similar statements to them. The first investigator also testified appellant admitted he penetrated complainant while "checking" her but said he did so only to determine whether she was sexually active. The second investigator testified appellant denied digital penetration. A detective testified appellant also stated complainant was a liar.[7]

The jury found appellant guilty as charged for each offense and assessed punishment as noted. Appellant subsequently filed a motion for new trial alleging ineffective assistance of counsel. The trial court held a hearing on appellant's motion during which it heard the testimony of appellant's counsel and considered documentary evidence. The motion for new trial was overruled by operation of law. This appeal followed.

Analysis

Sufficiency of the Evidence

In appellant's first five points of error, he challenges the sufficiency of the evidence to support each of his convictions.

---

[6] The prosecutor clarified the "opening" of which appellant spoke was the complainant's vagina.

[7] Complainant made an allegation of sexual abuse against another male. During punishment, other witnesses, including the mother of some of appellant's other children, concurred that complainant frequently lied.

Standard of Review

In reviewing issues of legal sufficiency, an appellate court views the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inference therefrom, a rational jury could have found each element of the offense beyond a reasonable doubt. *Brooks v. State,* 323 S.W.3d 893, 902 (Tex. Crim. App. 2010); *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003); *Conner v. State,* 67 S.W.3d 192, 197 (Tex. Crim. App. 2001) (*citing Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). If, given all of the evidence, a rational jury would necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal. *Swearingen*, 101 S.W.3d at 95 (*citing Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex. Crim. App. 1992)). We measure the sufficiency of the evidence against the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State,* 953 S.W.2d 234 (Tex. Crim. App. 1997).

Aggravated Sexual Assault of a Child

By count one of the indictment, appellant was alleged to have, on or about the 29th day of July 2009, "intentionally or knowingly cause[d] the penetration of the female sexual organ of [complainant], a child younger than 14 years of age who was not the spouse of the defendant, by inserting his finger into her female sexual organ." Count two of the indictment alleged appellant, on or about the same date, "intentionally or knowingly cause[d] the penetration of the female sexual organ of [complainant], a child

younger than 14 years of age who was not the spouse of the defendant, by inserting his penis into her female sexual organ."

To prove aggravated sexual assault, the State must show (1) appellant intentionally or knowingly (2) caused the penetration of the anus or sexual organ of a child by any means and (3) the child was younger than fourteen years of age. TEX. PENAL CODE ANN. § 22.021 (West 2013). Under Texas law, the uncorroborated testimony of a child victim, standing alone, is sufficient to support a conviction for aggravated sexual assault under section 22.021. *Tran v. State,* 221 S.W.3d 79, 88 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd); *Jensen v. State*, 66 S.W.3d 528, 533-34 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). Because appellant does not contest the evidence of complainant's age, we address only the first two elements of the offense.

At trial, complainant testified to each of the elements of aggravated sexual assault as described in counts one and two. She testified that one day, as appellant was about to take some of the children to Chuck E. Cheese, appellant called complainant inside from the car to help him find a shirt. She found one and brought it to him. "He laid me on the couch, and I tried to get up off the couch so I couldn't, and that's when I started hollering, and that's when he pulled down my pants, and I tried to pull them back up, and I couldn't so I just left it alone. And he wrapped my leg up and he wrapped my arm up and he had pulled my panties down, and then he put his stuff at me."[8] She stated, "[h]e had sticked it in me, and he said if it hurt, that means you been

---

[8] At trial, the prosecutor clarified with complainant that by her use of the word "stuff" in this context, she was referring to appellant's penis.

doing something. And if it don't, you haven't. And I said it hurt, and he said, yeah, I've been doing something."  The complainant also testified to another instance in which appellant placed his finger inside her "private part" to "check" her.

The detective and investigators testified to statements made to them by appellant that he "checked" complainant on a day before he took his children to Chuck E. Cheese. He also admitted to one investigator to "checking" the complainant on other occasions. The investigator testified appellant admitted to digital penetration of the complainant while "checking" her for sexual activity.  The forensic interviewer testified the complainant told her appellant "checked" her by "put[ting] his privacy to her privacy" and by "putting his fingers in her privacy."  The complainant's teacher testified the child told her that her daddy "raped" her.

Appellant argues the hypothetically correct jury charge in this case would include consideration of the medical-care defense, because he was "checking" complainant for suspected sexual activity and its consequences.  The Texas Penal Code provides for a medical-care defense to charges of sexual assault and aggravated sexual assault. *See* TEX. PENAL CODE ANN. §§ 22.011(d); 22.021(d) (West 2013). "It is a defense to prosecution . . . that the conduct consisted of medical care for the child and did not include any contact between the anus or sexual organ of the child and the mouth, anus, or sexual organ of the actor or a third party."  *Cornet v. State,* 417 S.W.3d 446, 447 (Tex. Crim. App. 2013).

*Malik* provides that a hypothetically correct jury charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's

theories of liability, and adequately describes the particular offense for which the defendant was tried. *Malik,* 953 S.W.2d at 240. As to defenses, a hypothetically correct jury charge does not include any and all potential defensive issues but only those applicable to the case. *See Cornet v. State*, 359 S.W.3d 217, 228 (Tex. Crim. App. 2012) (trial court erred by refusing medical care defensive instruction). A "defensive issue" is not "applicable to the case" unless the defendant timely requests the issue or objects to the omission of the issue in the jury charge. *Tolbert v. State*, 306 S.W.3d 776, 780 (Tex. Crim. App. 2010). And, the question whether to include a defensive issue is a strategic decision "generally left to the lawyer and the client." *Golston v. State*, No. 06-11-00136-CR, 2012 Tex. App. LEXIS 5251, at * 21 (Tex. App.—Texarkana June 29, 2012, pet. ref'd) (mem. op., not designated for publication) (*quoting Posey v. State,* 966 S.W.2d 57, 63 (Tex. Crim. App. 1998)). Appellant did not ask for its inclusion and therefore, the medical-care affirmative defense is not to be considered here in the evaluation of the sufficiency of the evidence to support appellant's convictions for aggravated sexual assault of a child.

There is no requirement that physical, medical or other evidence be proffered to corroborate the complainant's testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West 2011); *Wallace v. State,* No. 07-09-00099-CR, 2011 Tex. App. LEXIS 1384 (Tex. App.—Amarillo Feb. 23, 2011, no pet.) (mem. op., not designated for publication) (*citing Garcia v. State,* 563 S.W.2d 925, 928 (Tex. Crim. App. 1978) (concluding that victim's testimony alone is sufficient evidence of penetration in prosecution for aggravated rape, without medical, physical, or other evidence)). We find the evidence sufficient to support

appellant's convictions under counts one and two of the indictment for aggravated sexual assault of a child. We overrule appellant's second, third and fifth points of error.

Indecency With a Child

To prove indecency with a child as alleged in count three of the indictment, the State was required to prove appellant, with a child younger than 17 years of age, whether of the same or opposite sex, engaged in sexual contact. TEX. PENAL CODE ANN. § 21.11(a) (West 2013). "Sexual contact" includes, if committed with the intent to arouse or gratify the sexual desire of any person, any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child. TEX. PENAL CODE ANN. § 21.11(c) (West 2013).

Appellant argues the evidence was insufficient to show he acted with the requisite *mens rea* because he was engaging in a parental purpose by "checking" complainant. Intent to arouse or gratify can be inferred from conduct, remarks and surrounding circumstances. *Scott v. State,* 202 S.W.3d 405, 408 (Tex. App.—Texarkana 2006, pet. ref'd). The jury was free to believe or disbelieve any portion of the testimony and, as evinced by the verdicts here, chose to believe the version of the events expressed by complainant at trial. *Cain v. State*, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997); *see Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (the trier of fact may believe witness even though his testimony is contradicted).

The complainant testified appellant touched her genitals with his finger. An investigator testified appellant acknowledged at one point that he did penetrate the complainant's genitals. The jury had before it also testimony from the detective and two

8

investigators that appellant said he "checked" the complainant to see if she was sexually active. Appellant argues these statements show he did not engage in sexual contact with the complainant to arouse or gratify his sexual desire but rather had a parental purpose for doing so. But, the jury also had before it the complainant's testimony that appellant had previously penetrated her with his penis for the ostensible purpose of "checking" her for sexual activity. If the jury believed this testimony and did not believe the penile penetration was for a parental purpose, it was free to infer appellant engaged in the other acts of penetration for the purpose of arousing or gratifying his sexual desire. *See, e.g., Abbott v. State,* 196 S.W.3d 334, 341 (Tex. App.—Waco 2006, pet. ref'd) (jury can infer intent to arouse or gratify sexual desire from defendant's act of touching child's genitals and commission of same conduct on other occasions is additional evidence of that intent). The jury did not have to believe appellant's parental purpose explanation and could have convicted appellant based on the testimony of the complainant and other witnesses. *Sharp,* 707 S.W.2d at 614. The evidence was sufficient to support appellant's conviction for indecency with a child and we overrule appellant's fourth point of error.

Injury to a Child

A person commits the offense of injury to a child if he, by act, intentionally, knowingly, recklessly, or with criminal negligence causes bodily injury to a child under the age of fourteen. TEX. PENAL CODE ANN. § 22.04(a)(3) (West 2013). "Bodily injury" means physical pain, illness, or any impairment of physical condition. TEX. PENAL CODE ANN. § 1.07(8) (West 2013). Injury to a child is a result-oriented offense requiring a mental state that relates not to the charged conduct but rather to the result of the

9

conduct. *Baldwin v. State,* 264 S.W.3d 237, 242 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

Count four of the indictment in this case alleged appellant committed the injury to complainant intentionally or knowingly. Appellant challenges only the evidence supporting his intent or knowledge of causing bodily injury. He argues that "[i]n a rational sense, the evidence at most demonstrated negligence or recklessness with respect to the possibility of bodily injury," not intent or knowledge as to causing bodily injury. He asserts the evidence could not have shown he acted with intent or knowledge because he was conducting this action with the parental purpose of "checking" complainant for sexual activity with boys.

Complainant testified at trial that appellant penetrated her "private part" with his finger and that it hurt because of his "long nails" and that "his bone hurt." The sexual assault nurse examiner testified that touching a young girl's hymen is painful for the girl. Complainant testified appellant had previously used his penis to penetrate her and told her that if it hurt, this meant she was sexually active. The forensic investigator testified complainant made those same statements to her. Thus, if believed by the jury, the jury heard from complainant that appellant at least knew penetration of the complainant's female sexual organ by his penis caused injury to her. The jury heard testimony that appellant made statements that he was "checking" the complainant and, if they believed he penetrated her with his finger on any of those occasions, the jury could have inferred he did so with the intent or knowledge that he would injure the complainant because he knew penetration injured her. The jury was free to infer from this testimony that

10

appellant acted with more than recklessness or negligence when he penetrated complainant's sexual organ with his finger. *Sharp,* 707 S.W.2d at 614.

From this evidence, the jury could have reasonably concluded appellant intentionally or knowingly inflicted bodily injury on the complainant. We resolve appellant's first point of error against him.

Ineffective Assistance of Counsel

In appellant's remaining four points of error, he contends he received ineffective assistance of counsel during the guilt-innocence phase of his trial and the trial court erred in allowing his motion for new trial regarding his counsel's assistance to be overruled by operation of law.

We defer to the trial court's right to weigh the credibility of the testimony at the hearing on the motion for new trial. *See Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001). "Because the trial judge is the sole judge of the credibility of the witnesses, a trial court does not abuse its discretion by denying a motion for new trial based on conflicting evidence." *Cueva v. State,* 339 S.W.3d 839, 857 (Tex. App.—Corpus Christi 2011, pet. ref'd). In assessing the evidence presented at the new trial hearing, the trial court, sitting as the trier of fact, may also consider the interest and bias of any witness. *Messer v. State*, 757 S.W.2d 820, 828 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd) (per curiam) (*citing Costello v. State,* 98 Tex. Crim. 406, 266 S.W. 158 (Tex. Crim. App. 1924)). Deference to the trial court is required even if we would weigh the testimony differently than did the trial court. *Salazar,* 38 S.W.3d at 148. Thus, we review the evidence in the light most favorable to the trial court's ruling and presume all

reasonable findings that could have been made against the losing party were so made. *Alexander v. State*, 282 S.W.3d 701, 706 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd); *Acosta v. State,* 160 S.W.3d 204, 210 (Tex. App.—Fort Worth 2005, no pet.). Only when no reasonable view of the record could support the trial court's ruling do we conclude the trial court abused its discretion by denying the motion for new trial. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

The trial court's determination of a motion for new trial on the ground of ineffective assistance of counsel is a matter entirely within the trial court's discretion. *Cueva,* 339 S.W.3d at 856-57. Therefore, under the facts of this case, we will review the prongs of *Strickland v. Washington* through this abuse of discretion standard of review, reversing only if the trial court's decision was arbitrary or unreasonable. *Id.* at 857. To establish ineffective assistance of counsel, appellant must show: (1) his attorney's representation was deficient; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 684, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Salinas v. State,* 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Cueva,* 339 S.W.3d at 857. "An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State,* 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). Because *Strickland's* first prong is dispositive of this point, we will limit our analysis to that prong. *See* TEX. R. APP. P. 47.1.

"Decisions rooted in strategy do not constitute deficient performance. Unless a defendant can show in the record that counsel's conduct was not the product of a strategic decision, a reviewing court should presume that trial counsel's performance

12

was constitutionally adequate unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Cueva,* 339 S.W.3d at 857-58 (citations omitted). Appellant's trial counsel testified at the hearing on appellant's motion for new trial. The court also admitted for consideration several documents, including a copy of the motion for new trial; affidavits from appellant, appellant's girlfriend and appellant's sister; a transcription of a recording of a conversation between the complainant and appellant's sister; a transcription and DVD copy of the forensic interview of complainant; a copy of an indictment and judgment against complainant's mother's former boyfriend, and a transcription of appellant's girlfriend's grand jury testimony. The trial court took the matter under advisement. Appellant's motion for new trial was later overruled by operation of law.

In his motion for new trial and on appeal, appellant contends his counsel was ineffective in several ways: (1) trial counsel had trouble hearing the testimony during trial; (2) he left at his office the only copy of a video where complainant recanted; and (3) he failed to call a member of appellant's family who would have contradicted basic elements of complainant's testimony. He further argued, "[i]n the alternative, [appellant] would submit that trial counsel erred at sentencing by failing to present adequate mitigation evidence and by failing to adequately dispute the sentencing allegations." On appeal, appellant includes a number of additional complaints about his counsel.

At the hearing, counsel was asked whether he has hearing problems and had them during trial. He answered, "Probably so. I know I had to ask witnesses numerous times to repeat what they were saying. And some of the times when they would repeat it, I wasn't really sure that I knew exactly what they were saying. My cross-examination

13

seemed to flow, and it appeared to me as I was asking the questions that I did understand it, but I don't really know." During cross-examination, counsel answered affirmatively when asked if he was able to communicate with appellant, witnesses and family members. On appeal, the State points out several instances during trial in which counsel asked a witness to repeat an answer and incorporated the answer into his next question, indicating he heard and understood the witness. We agree with the State's assessment.

We acknowledge appellant's argument on appeal his counsel was ineffective for failing to request a continuance due to his hearing issues. However, this was not explored at the hearing on appellant's motion for new trial and the record is silent on this point. We must assume counsel made a strategic decision not to ask for a continuance due to his hearing issues. *Bone v. State,* 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) (stating counsel should ordinarily be accorded opportunity to explain actions before being condemned as unprofessional and incompetent).

Appellant next complains of counsel's failure at trial to offer into evidence a particular video. Counsel also testified he was aware prior to trial of the video appellant claims he should have offered at trial. He told the court, "I decided not to use it, and I could see that it would go either way. On the one hand, the child is saying something contrary to what she says in court. On the other hand, she's in a public place with someone asking her kind of leading questions about things that she would not want to admit around other people, I would imagine. And I felt like if we did that, it may be more damaging than helpful. I tried to cover the situation through cross-examination." On cross-examination at the hearing he agreed the decision was one of strategy. Counsel

is not required to perform flawlessly, and ineffectiveness is not established solely by the fact that a different trial strategy may have been pursued by another attorney in hindsight. *Muennink v. State*, 933 S.W.2d 677, 680 (Tex. App.—San Antonio 1996, pet. ref'd); *see Ex parte Jimenez,* 364 S.W.3d 866, 883 (Tex. Crim. App. 2012) ("The mere fact that another attorney might have pursued a different tactic at trial does not suffice to prove a claim of ineffective assistance of counsel," *cert. denied,* 133 S. Ct. 834 (2013)). We cannot find counsel provided ineffective assistance on this point.

Counsel also testified about his decision to refrain from calling appellant's sister as a witness. He stated, "I had had a discussion with the Defendant and we decided not to do that. It was a little bit of a value judgment, you might say, in how [appellant's sister] might appear on the stand, if she were to become overly outgoing or not. And I just decided that it would probably be better not to." He further testified, "I concluded that she was -- it was a little bit unpredictable as to what sort of emotional state she would be in and how she would respond to direct and cross." He also testified he decided not to call appellant's girlfriend because he believed "at the time that it would be counterproductive to do so." During cross-examination at the hearing, he told the court he and appellant discussed it and "jointly decided not to" call the girlfriend, although he could not recall the reasoning behind the decision. He did say he would "possibly" call the girlfriend if he had the trial to do over again, given the possibility of her testimony contradicting the complainant's version of events. We cannot say counsel's decisions were not reasonable or that he was deficient for making those choices. *See James v. State,* 997 S.W.2d 898, 902 (Tex. App.—Beaumont 1999, no pet.) (trial counsel's failure

15

to call every witness requested by defendant is irrelevant absent evidence defendant would have benefitted from testimony).

Appellant complains of counsel's decisions regarding objections and introduction of certain evidence. We agree with the State that to the degree appellant is arguing his counsel should have objected to multiple outcry witnesses, such an objection would have been improper. A teacher testified at trial to complainant's outcry of appellant's penile penetration while an investigator testified to her outcry of appellant's digital penetration. The outcry statute is event-specific, not person-specific, and there can be multiple outcry witnesses. *Broderick v. State*, 35 S.W.3d 67, 73 (Tex. App.—Texarkana 2000, pet. ref'd). Because the teacher and the investigator described different events, the testimony of both was admissible. The sexual assault nurse examiner testified to statements made to her for purposes of medical diagnosis or treatment. *See* TEX. R. EVID. 803(4). As to appellant's complaints that his counsel failed to utilize the forensic interview and phone calls of complainant to a greater degree, counsel's testimony at the hearing on the motion for new trial indicates his decision was again one of strategy. Thus, appellant has not demonstrated that counsel performed "below an objective standard of reasonableness" on this basis.

We reach the same conclusion concerning counsel's decisions regarding the punishment phase of appellant's trial. Counsel noted he thought about his approach to punishment but did not believe "it would be particularly helpful" to call members of appellant's family or other witnesses to testify during punishment or to present evidence of appellant's potential mental illness. *Perez v. State,* 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) (also noting failure to call witnesses at the guilt-innocence and punishment

16

stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony).

Appellant further contends his trial counsel was ineffective because he failed to request a medical defense instruction to show his parental purpose in "checking" complainant.  The medical-care defense is one of confession and avoidance. *Cornet,* 359 S.W.3d at 224-25; *Villa v. State,* 417 S.W.3d 455, 462 (Tex. Crim. App. 2013).  A defendant claiming entitlement to this defense must admit to each element of the offense, including both the act and the requisite mental state. *Villa,* 417 S.W.3d at 462. When the defensive evidence does no more than attempt to negate an element of the offense, a defendant is not entitled to a defensive instruction on any defense subject to the confession-and-avoidance doctrine. *Id. (citing Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007)).  An instruction on a confession-and-avoidance defense is appropriate only when "the defendant's defensive evidence essentially admits to every element of the offense, including the culpable mental state, but interposes the justification to excuse the otherwise criminal conduct."  *Id.*  Given the state of the law and appellant's denial that he touched complainant[9] while "checking" her, the defense was inapplicable here and counsel was not ineffective for failing to request it.

Appellant also complains that his counsel elicited testimony regarding appellant's presence at complainant's school just before trial.  At the hearing, counsel testified he chose to elicit this testimony because he believed the State would introduce it as evidence that appellant was attempting to intimidate complainant.  His strategy was to

---

[9] As noted, an investigator testified appellant admitted he penetrated complainant on one occasion.  But, evidence showed, appellant on another occasion denied he made this statement.

introduce it first.  Again, appellant has not demonstrated that counsel performed "below an objective standard of reasonableness" on this basis.

We conclude appellant has failed to show any of the complained-of acts and omissions by his counsel fell below an objective standard of reasonableness. Accordingly, the trial court did not abuse its discretion in allowing appellant's motion for new trial to be overruled by operation of law.  We overrule appellant's sixth, seventh, eighth and ninth points of error.

## Conclusion

Having overruled each of appellant's nine points of error, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.